UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 25-81** |
| **v.** | * | **SECTION: "P"** |
| **CEDRIC MAY** | * | |
| | * * * | |

**GOVERNMENT'S MEMORANDUM IN SUPPORT OF MOTION TO
QUASH DEFENDANT'S RULE 17(C) SUBPOENA (Rec. Docs. 57, 58)**

Now into court comes the United States by and through the undersigned Assistant United States Attorneys and files its Memorandum in support of Motion to Quash Defendant's Request for a Rule 17(c) Subpoena. (Rec. Doc. 57).

### I.     LAW AND ANALYSIS

**A. Standing**

A "[p]arty has standing to move to quash a subpoena addressed to another if the subpoena infringes on a movant's legitimate interest." *United States. v. Raineri*, 670 F.2d 702, 712 (7th Cir. 1982). "The prosecution's legitimate interests in quashing include preventing undue lengthening of the trial, undue harassment of its witness, and prejudicial over-emphasis on the witness's credibility." *United States v. Segal*, 276 F.Supp.2d 896, 900 (N.D. Ill. 2003). Here, the Government has a legitimate interest in ensuring that local law enforcement entities, such as the St. Tammany Parish Sheriff's Office who, pursuant to agreements with the United States Government, are charged with housing and overseeing federal detainees awaiting trial, are not overburdened with broad subpoena requests that fail to meet the requirements of Fed.R.Crim.Pro. 17.[1]  *See United*

---

[1] The U.S. Marshals Service (USMS) relies on state and local jails to house federal prisoners through intergovernmental agreements (IGAs). These agreements allow the USMS to rent jail space from local governments. These local entities provide also provide security and day

*States v. Mix*, 2013 WL 394206 at 1 (E.D.La Feb. 1, 2013) (Duval, J.)("While it is true that the recipients of the subpoenas are not employees of the Department of Justice, defendant concedes that "the subpoenas at issue were served upon individuals working for federal and quasi-federal entities." Doc. 188, p. 6. Additionally, the Court notes that all of the federal entities involved fall under the umbrella of the "Executive" branch of the government, as does the Department of Justice. Considering those factors, as well as defendant's failure to cite any case requiring that the subpoena be challenged by the actual party subject to the subpoena, the Court is not persuaded that the Government lacks standing to challenge the subpoenas at issue"); *contra United States v. Williams*, Crim. No. 07-35, 2007 WL 2287819 (E.D.La. August 8, 2007) (Feldman, J.) Moreover, whether the Government has standing to move to quash the subpoena is of no moment as courts, including ones in the Eastern District of Louisiana, have consistently held that a district court has an independent obligation to assess every Rule 17 subpoena for compliance with the *Nixon* factors. *United States v. Richardson*, No. Crim. A. 13-86, 2014 WL 6475344, at *2 (E.D. La. Nov. 18, 2014) (finding "defendant's [standing] argument to be without consequence [because] regardless of whether the government has standing, the Court is obligated under Rule 17 to assess each subpoena for compliance with the *Nixon* factors.") (citing *Bowman Dairy Co. v. United States*, 341 U.S. 214, 221 (1951)); *United States v. Hankton*, No. Crim. A. 12-1, 2014 WL 3385126, at *2, n.1 (E.D. La. July 9, 2014) ("even without the government's opposition, the Court is obligated under Rule 17 to examine whether the request complies with the *Nixon* factors.").

**B. <u>Analysis</u>**

Defendant Cedric May is charged with Kalius James in a six-count superseding indictment that was returned on May 30, 2025. Rec. Doc. 49. Both the Defendant and James are charged in

---

to day care for these detainees. The IGAs outline the terms for housing federal detainees. *See* USMS website.

Count One with Conspiracy to Commit Bank Robbery, in Count Two with Bank Robbery and in Count Three with possession of a stolen vehicle. The Defendant is also charged in Counts Four, Five and Six with Obstruction of Justice. *Id*.  Trial is set on September 8, 2025.

On July 24, 2025, the Defendant filed an Ex Parte Motion for Issuance of Subpoena (R. Doc. 57).  The motion stated that:

> "Undersigned counsel hereby request the issuance of the attached subpoena to the St. Tammany Parish Sheriff's Office- Custodian of Records for the purpose of obtaining certain records as identified in the attached subpoena relating to Defendant, Cedric May.
>
> The Defendant states that this information is material to the defense of this case, and therefore, it is necessary to subpoena these records to prepare his defense.

The subpoena attached to the motion seeks "*[A]ll* phone recordings of phone conversations between Cedric May and any other parties on June 25, 2025, and *all* phone conversations between Cedric May and Marcus Garner at the following number 601-810-5946."   Rec.Doc. 57-2. (emphasis added).  The Court ordered that the subpoena be issued on July 25, 2025.

The purpose of a Rule 17(c) subpoena is "to implement the Sixth Amendment guarantee that the defendant shall have compulsory process to obtain evidence in the defendant's favor." *United States v. Ferguson,* Crim. No. 3:06CR137, 2007 WL 2815068, at *2 (D. Conn. Sept. 26, 2007) (citing 25 James Wm. Moore et al., Moore's Federal Practice § 617.08[1] (3d ed.2007).  Rule 17(c)'s "chief innovation was to expedite trials by providing a time and place before trial for the inspection of the subpoenaed materials."[2]  *United States v. Potts*, Crim. No. H–16–0147–012017 WL 1314193 at *1 (S.D. Tex. Apr. 6, 2017) *quoting Bowman Dairy Co. v. United States*, 341 U.S. 214, 220, (1951). Rule 17(c) is intended exclusively for use at trial or a formal hearing. *United*

---

[2] Federal Rule of Criminal Procedure 17(c) provides that "[a] subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered into evidence."

*States v. Pereira*, 353 F.Supp.3d 158, 160 (D.P.R. 2019). Thus, the production of documents allowed by Rule 17 is intimately related to the attendance of witnesses at the trial or hearing. *United States v. Santiago-Lugo*, 904 F.Supp. 43, 46 (D.P.R. 1995). The subpoena is limited to evidentiary materials and cannot be used as a fishing expedition to "see what may turn up." *United States v. Poimboeuf,* 331 F.R.D. 478, 480 (W.D.La. 2019) (*citing* 2 Wright & Henning, Federal Practice & Procedure, § 275 at pp. 264-265 and fns. 24 & 25); *see also Nixon*, 418 U.S. at 700. Therefore, requests for "any and all" documents relating to a category of subject matter are not appropriate. *See United States v. Gas Pipe*, No. 3:14-cr-298-M, 2018 WL 5262361 at *2 (N.D. Tex. June 18, 2018)

    A Rule 17 subpoena is not a discovery device. *United States v. Nixon*, 418 U.S. 683, 698 (1974). In *United States v. Nixon*, the Supreme Court noted "certain fundamental characteristics of the subpoena duces tecum in criminal cases" and the "required showing" and "test" by which its proper use must be evaluated. *Id*. at 698-99. The Court recognized that Rule 17 "was not intended to provide a means of discovery." *Id*. at 699. Therefore, to require production before trial, the defendant must show:

    (1) that the documents are evidentiary and relevant;

    (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence;

    (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and

    (4) that the application is made in good faith and is not intended as a general "fishing expedition."

*Id*. at 699. "Thus, the defendant seeking a subpoena must clear three hurdles: (1) relevancy; (2) admissibility; (3) specificity." *Id*. at 700; *see also Gas Pipe*, 2018 WL 5262361 at *1 (*citing*

4

*United States v. Arditti*, 955 F.2d 331, 345 (5th Cir. 1992)). On a motion to quash a 17(c) subpoena, the subpoena's proponent bears the burden of proving that the subpoena requests documents that are "relevant," "admissible," and "requested with adequate specificity" and should therefore be enforced. *Nixon*, 418 U.S. at 699–700, *Ferguson*, 2007 WL 2815068, at *2; *United States v. Butler*, 429 F.3d 140, 149 (5th Cir. 2005).

A "Rule 17(c) subpoena reaches only evidentiary materials," not all discoverable materials." *United States v. Cuthbertson*, 651 F.2d 189, 195 (3rd Cir. 1981). Materials that have no potential value other than for purposes of impeachment are not subject to subpoena under Rule 17(c). *Gas Pipe,* 2018 WL 5262361 at *2; *see also Nixon*, 418 U.S. at 701-02; *United States v. Hughes*, 895 F.2d 1135, 1146 (6th Cir. 1990) (finding Rule 17(c) did not require production of documents merely for impeachment purposes); *United States v. Fields*, 663 F.2d 880, 881 (9th Cir. 1981) ("The only evidentiary use that defendants have been able to advance is that the statements and transcribed interviews of witnesses could be used for impeachment purposes. This use is generally insufficient to justify the pretrial production of documents...and we see no basis for using a lesser evidentiary standard merely because production is sought from a third party rather than from the United States"). The information must be relevant to the Government's case or a valid defense. *United States v. Weisberg*, No. 07-cr-66-A, 2008 WL 234186, at *3 (W.D.N.Y. Jan. 28, 2008); *Gas Pipe*, 2018 WL 5262361 at *2. Moreover, a Rule 17(c) subpoena is improper where it requires the production of *Brady*, Jencks Act, or *Giglio* material. *Gas Pipe,* 2018 WL 5262361 at *2.

The final hurdle, specificity, requires the subpoena provide a description that "contains sufficient details to identify the particular materials sought and demonstrates a request for evidence, and not an improper attempt to expand discovery." *United States v. Carriles*, 263 F.R.D. 400, 405 (W.D. Tex. 2009); *United States v. Ocasio*, No. EP-11-CR-2728-KC, 2013 WL 12442496 at *5 (W.D.

5

Tex. May 28, 2013). "The specificity requirement is intended to provide the subpoenaed party with enough knowledge about the [data] being requested to lodge objections based on relevancy and admissibility." *Potts*, 2017 WL 1314193, at *2 (*citing United States v. Ruedlinger*, 172 F.R.D. 453, 456 (D. Kan. 1997)). Specificity serves to prevent the conversion of a subpoena into a license for a "fishing expedition to see what may turn up." *Poimboeuf*, 331 F.R.D. at 480; Bowman *Dairy*, 71 S. Ct. at 679 ("Rule 17(c) was not intended to provide an additional means of discovery. Its chief innovation was to expedite the trial by providing a time and place before trial for the inspection of subpoenaed materials."); *see also United States v. Brown*, No. CRH-17-567-1, 2023 WL 5672836 (S.D. Tex Sept. 1, 2023); *Gas Pipe, Inc.*, 2018 WL 5262361 at *2 ("[I]f the requesting party 'cannot reasonably specify the information contained or believed to be contained in the documents sought but merely hopes that something useful will turn up, this is a sure sign that the subpoena is being misused.' ").

Instructive in this case, is the holding in *United States v. Denson*. *United States v. Denson*, Crim. No:15-12, WL 6473218 (E.D. La. Nov. 2, 2016). In *Denson*, the Government filed a motion to quash subpoena duces tecum issued to the Sheriffs of St. Charles, St. Tammany, and Tangipahoa Parishes for recordings of all jail telephone calls of six potential Government witnesses for a specific amount of time. *Denson*, WL 6473218 at *2. As in this case, the Defendant in *Denson* did not review the recordings sought prior to making the subpoena request. *Id.* The Court granted the Government's motion finding in the first instance that the subpoena sought impeachment evidence which is not permitted. *Id*. It was also noted the Defendant failed to identify any other "other valid potential evidentiary uses" that would overcome the general rule denying production of impeachment evidence and as such, had not demonstrated the required evidentiary and relevant nature of the recordings sought. *Id*.

6

Other courts have addressed Rule 17(c) subpoenas aimed at obtaining inmate prison correspondence as well as telephone calls and reached a similar result. In *United States v. Rivera*, No. 13–CR–149, 2015 WL 1540517 (E.D.N.Y. Apr. 7, 2015), the district court denied defendant's request for subpoenas "of telephone and email communications made by cooperating witnesses from any jail facility and the pertinent call logs." *Id*. at *3. The district court held that defendant's request did not satisfy the admissibility, relevance, or specificity requirements under *Nixon*. Moreover, it rejected defendant's argument that the subpoenaed materials would be relevant based on defense counsel's speculation that "often communications by inmates discuss pressure or inducements offered by the government, personal grudges or biases against the defendant on trial, and attempts to fabricate testimony." *Id*. at *4 (internal quotations and brackets omitted). The district court held that defendant's "speculative requests" constituted the "type of fishing expeditions which are expressly prohibited under Rule 17." *Id*. (internal quotations and brackets omitted). Indeed, the district court found that defendant had not even demonstrated "articulable suspicion" that the subpoenaed documents were relevant, admissible, and specific. *Id*.: *see also United States v. Barnes*, 560 F. App'x 36, 39 (2d Cir. 2014) (district court did not abuse its discretion when it quashed subpoena by defendant for, inter alia, telephone calls and emails of cooperating government witnesses).

Similarly in *United States v. Crews*, Crim. No. 10–663–4, 2012 WL 93176 (E.D. Penn. Jan. 12, 2012) a defendant moved for an order authorizing the issuance of subpoenas for recorded phone calls and visitor logs for two potential government witnesses. At a hearing on his motion, the defendant testified that he believed that the cooperating witnesses were "coercing/coordinating the testimony [of other individuals] against him based on three sources of information." *Id*. at *3. Defendant further testified that the basis of his belief was three-fold: (1) conversations he had with

7

one of the cooperating witnesses; (2) conversations he had with co-defendants in his case; and (3) conversations he had with an individual who placed three-way calls with one of the cooperators. *Id*. The court noted that defendant "did not identify any specific phone calls or visitor logs" he sought to subpoena under Rule 17(c). *Id*. at *4. Instead, the defendant was "engaged in a fishing expedition, merely hoping to find material that he may be able to use to impeach the Government's witnesses against him." *Id*. (*citing United States v. Merlino*, CRIM.A. No. 99–0363. 2001 WL 283165, at *7 (E.D. Pa. Mar. 19, 2001). The court denied defendant's motion for the subpoenas. *See also Merlino*, 2001 WL 283165, at *7 (subpoena for recordings of prison telephone calls of cooperating witnesses was fishing expedition).

Here, the requested/issued subpoena fails to meet the requirements of Rule 17(c) for many of the same reasons found in *Denson* and the other cited authority above. First, the request, other than offering a conclusory sentence that the items sought are relevant and admissible, advances no analysis or explanation as to how they are relevant or admissible. *See e. g Denson* at WL 6473218 at *2. This failure alone makes the use of this subpoena improper. Second, there is no identification of specific conversations that contain admissible evidence regarding a specific defense or an aspect of the Government's case. *See Nixon*, 418 U.S. at 699-700. Instead, the subpoena asks for "all conversations." This phrase, "all conversations" evidences a clear indication that it is a fishing expedition for potential exculpatory or *Giglio* evidence. *See Potts*, 2017 WL 1314193 at *2 (All but one of Potts' requests references 'all' documents or other materials pertaining to the identified category. Such sweeping requests are suspect"); *Gas Pipe, Inc.*, 2018 WL 5262361 at *2 ("A request for entire files as opposed to individual documents is suggestive of a fishing expedition."); *see also United States v. Frank*, 23 F.R.D. 145, 147 (D.D.C. 1959) (explaining that "this rule does not permit blunderbuss inspection of the Government's evidence

in an attempt to learn something not known; it is not a discovery provision."); . This lack of specificity not only denies an opponent the opportunity to provide specific objections to the items sought, but it also does not provide this court with a valid reason to issue the subpoena. Moreover, because it is so broad, it burdens the STPSO's for it requires them to "ferret through voluminous recordings" to find the ones that answer the subpoena request. *See generally Order, United States v. Fortia,* Case No. 14-131, Rec. Doc. 617 at 3 (E.D.La. May 5, 2017) (Engelhardt, J.) (Attached Ex. A). If the requesting party "cannot reasonably specify the information contained or believed to be contained in the documents sought but merely hopes that something useful will turn up, this is a sure sign that the subpoena is being misused." *United States v. Noriega*, 764 F. Supp. 1480, 1493 (S.D. Fla. 1991). It is for all these infirmities that this subpoena should be quashed.

## II. CONCLUSION

Accordingly, for the foregoing reasons, the Government respectfully requests that this Court to grant the Government's Motion to Quash the Subpoena issued in it order of July 25, 2025. (Rec. Doc. 58)

Respectfully submitted,

MICHAEL M. SIMPSON
ACTING UNITED STATES ATTORNEY

*/s/ Mark A. Miller*
Mark A. Miller (MS Bar Roll No. 105138)
Assistant United States Attorney
650 Poydras Street, Suite 1700
New Orleans, Louisiana 70130
Telephone: (504) 680-3012
Email: mark.a.miller@usdoj.gov

*/s/ Troy L. Bell*
Troy L. Bell (LA Bar Roll Number 37424)
Assistant United States Attorney
650 Poydras Street, Suite 1700
New Orleans, Louisiana 70130
Telephone: (504) 680-3087
Email: troy.bell@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of August 2025, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

*/s/ Mark A. Miller*
Mark A. Miller
Assistant United States Attorney