UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 25-81 |
| CEDRIC MAY | SECTION: "P" (5) |

## ORDER

Before the Court is the Government's Motion to Quash Rule 17(c) Subpoenas Duces Tecum.[1] Defendant Cedric May opposes the motion.[2] For the following reasons, the Government's motion (R. Doc. 60) is DENIED.

## BACKGROUND

On April 4, 2025, the Government filed the original Indictment in this matter, which charged Mr. May with one count of conspiracy to commit bank robbery in violation of 18 U.S.C. § 371, one count of bank robbery in violation of 18 U.S.C. §§ 2113(a), (d) and 2, and one count of possession of a stolen vehicle in violation of 18 U.S.C. §§ 2313 and 2.[3] On May 30, 2025, the Government filed a Superseding Indictment, adding three additional counts against Mr. May for obstruction of justice in violation of 18 U.S.C. § 1512(b)(1).[4] The Government's allegations with respect to these additional charges state that on or about March 27, 2025, May 6, 2025, and May 27, 2025, the defendant, Mr. May, "did knowingly and intentionally attempt to corruptly persuade C.B. by directing C.B. to provide a false alibi with the intent to influence the testimony of C.B. in a criminal proceeding."[5]

---

[1] R. Doc. 60.
[2] R. Doc. 64.
[3] R. Doc. 26.
[4] R. Doc. 49.
[5] R. Doc. 49 at 4.

On July 24, 2025, Mr. May filed a Motion for Issuance of Subpoena to command the Custodian of Records for the St. Tammany Parish Sheriff's Office to produce the following items: (1) all phone recordings of phone conversations between Cedric May and any other parties on June 25, 2025, and (2) all phone conversations between Cedric May and Marcus Garner at the phone number listed on the subpoena.[6] The Government now moves to quash the subpoena, arguing that Mr. May has not met the requirements for its issuance.

## LAW AND ANALYSIS

Federal Rule of Criminal Procedure 17(c) provides that:

> A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

In order to require production prior to trial, the moving party must show: "(1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'"[7] In short, the party seeking the subpoena "must clear three hurdles: (1) relevancy; (2) admissibility; (3) specificity."[8]

Mr. May contends the requested recordings are relevant, admissible, and requested with adequate specificity. In his opposition memorandum, Mr. May explains that on May 9, 2025, which was prior to the filing of the Superseding Indictment, he provided a Notice of Alibi

---

[6] R. Doc. 57.
[7] *United States v. Nixon*, 418 U.S. 683, 699–70 (1974).
[8] *Id.* at 700.

Defendant to the Government, and in response to his notice, the Government produced a few, limited jail phone calls allegedly involving Mr. May that were recorded on May 21, 2025 and May 28, 2025. Then, based on these limited phone calls, the Government filed the Superseding Indictment, which added the three counts of obstruction of justice against Mr. May. He contends the Government's case for the obstruction of justice charges is largely based on the jail phone calls that the Government produced in discovery. Mr. May contends, however, that the jails phone calls the Government produced did not include all conversations between Mr. May and the alleged witness(es). Mr. May believes the jail phone calls requested in the present subpoena contain relevant and exculpatory information and are material to his defense in this matter. In particular, he contends the calls made on the date requested (July 25, 2025) and the calls with Mr. Marcus Garner at the phone number provided will refute the allegations made in the Superseding Indictment.

The Court finds Mr. May has carried his burden. In particular, he has shown a sufficient likelihood that the requested recordings are relevant to the offenses charged in the indictment and that the recordings may reasonably be used as admissible evidence. The Court further finds the subpoena contains sufficient details to identify the particular materials being sought, such that this is not a "fishing expedition" that would contravene Rule 17(c).

## CONCLUSION

**IT IS ORDERED** that the Government's Motion to Quash Rule 17(c) Subpoenas Duces Tecum (R. Doc. 60) is **DENIED**.

**IT IS FURTHER ORDERED** that counsel for Mr. May shall provide to counsel for the Government a copy of all recordings received in response to the subpoena.

New Orleans, Louisiana, this 25th day of August 2025.

                              **DARREL JAMES PAPILLION**
                              **UNITED STATES DISTRICT JUDGE**