**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 25-81** |
| **CEDRIC MAY** | **SECTION: "P" (5)** |

**ORDER AND REASONS**

Before the Court is the Government's Motion to Compel Defendant Cedric May to Submit Fingerprints to Law Enforcement.[1] Defendant, Cedric May, filed an opposition to the motion,[2] and the Government filed a reply in support of its motion.[3] Having considered the motion, the parties' briefing, the record, and the applicable law, the Court grants the Government's motion for the following reasons.

## I. BACKGROUND

Defendants Cedric May and Kailus James were initially charged in this matter on March 16, 2025, by Complaint, for Hobbs Act Robbery.[4] On April 4, 2025, a grand jury returned a two-count Indictment, charging May and James with conspiracy to commit bank robbery (Count One) and bank robbery (Count Two).[5] Additional defendants and conduct have been charged in this action via superseding indictments.[6] The operative indictment—the Third Superseding Indictment—includes four counts.[7] Count One charges May, James, Stephen Tisdale, and Johnny Williams with conspiracy to commit bank robbery. Count Two charges May, James, Tisdale, and Williams with bank robbery. Count Three charges Williams with possessing a firearm in

---

1 R. Doc. 159.
2 R. Doc. 162.
3 R. Doc. 164.
4 R. Doc. 1.
5 R. Doc. 26.
6 *See* R. Docs. 49, 74, and 116.
7 R. Doc. 116.

furtherance of a crime of violence. And Count Four charges May with obstruction of justice. May, James, and Williams are currently in the custody of the United States Marshals Service pending trial. Tisdale remains on bond pending trial.

According to the Government, when each defendant was arrested and brought into federal custody, the United States Marshals Service obtained their fingerprints as part of the standard intake procedure.[8] The Government recently sought to obtain additional fingerprint impressions from the defendants, for comparison with latent fingerprints recovered from evidentiary items during the Government's investigation, in preparation for the trial in this matter.[9] Defendants James, Tisdale, and Williams complied with the request and provided the additional fingerprints.[10] The Government avers that when agents from the Federal Bureau of Investigation attempted to obtain Defendant May's fingerprints, May refused to comply and instructed the agents to obtain a court order.[11] The Government therefore filed the present motion, requesting an order compelling Defendant May to submit to fingerprinting prior to the commencement of trial, which is currently set for January 11, 2027.[12]

## II. ANALYSIS

The Government contends that, under Fifth Circuit and Supreme Court precedent, compulsory fingerprinting of a lawfully detained defendant is permissible under the Fourth, Fifth, and Sixth Amendments.[13] The Government seeks supplemental fingerprint exemplars for comparison to the latent prints the Government has recovered from evidentiary items in this case. The Government contends its need for the supplemental fingerprints is concrete and practical

[8] R. Doc. 159-3 at 2.
[9] *Id.*
[10] *Id.*
[11] *Id.*
[12] *Id.*
[13] *See* R. Doc. 159-3 at 2–3; R. Doc. 164 at 1–4.

because this case involves the fingerprints of multiple defendants, the latent prints require adequate comparison materials, and the Government must ensure the reliability and completeness of identification evidence prior to trial.[14]

Defendant May opposes the Government's motion, arguing that the Government's motion is silent as to its purported authority to compel him to submit his fingerprints to law enforcement. May further argues that fingerprinting constitutes a search under the Fourth Amendment, and that the Government's motion should be denied because the Government has not sought a warrant or shown that any exception to the warrant requirement is present in this case.[15]

The Supreme Court has made clear that "the obtaining of physical evidence from a person involves a potential Fourth Amendment violation at two different levels—the 'seizure' of the 'person' necessary to bring him into contact with government agents, . . . and the subsequent search for and seizure of the evidence."[16] When the person is lawfully detained at the time the physical evidence is obtained, however, the first level of the potential Fourth Amendment violation is not at issue.[17] Such is the case here, where May is in custody pursuant to a Court order.[18] As to the second level of the potential Fourth Amendment violation, courts have determined that "the taking of physical evidence in the form of fingerprinting 'involves none of the probing into an individual's private life and thoughts that marks an interrogation or search.'"[19] Thus, courts have rejected the notion that obtaining fingerprints from a lawfully-detained individual is an unreasonable search or seizure for Fourth Amendment purposes.[20]

---

[14] R. Doc. 164 at 4.
[15] *See* R. Doc. 162 at 1–2.
[16] *United States v. Dionisio*, 410 U.S. 1, 8 (1973) (citing *Davis v. Mississippi*, 394 U.S. 721 (1969)); *United States v. Sanders*, 477 F.2d 112, 113 (5th Cir. 1973).
[17] *Sanders*, 477 F.2d at 113.
[18] *See* R. Doc. 17.
[19] *Sanders*, 477 F.2d at 113 (quoting *Davis*, 394 U.S. at 727).
[20] *See id.*; *see also Dionisio*, 410 U.S. at 11 (explaining that "[i]n *Davis* it was the initial seizure—the lawless dragnet detention—that violated the Fourth and Fourteenth Amendments, not the taking of the fingerprints").

The Court likewise finds that neither the Fifth nor Sixth Amendments prohibits the compulsory collection of May's fingerprint exemplars. The taking of fingerprints is non-testimonial and therefore falls outside the scope of the Fifth Amendment privilege against self-incrimination.[21] The Sixth Amendment is also not implicated because the taking of fingerprints is not a "critical stage" of the criminal proceedings entitling a defendant to the presence of counsel.[22]

## III. CONCLUSION

For the foregoing reasons, the Court concludes there is no constitutional impediment to compelling Defendant Cedric May to submit to the taking of fingerprint exemplars as the Government has requested. Accordingly,

**IT IS ORDERED** that the Government's Motion to Compel Defendant Cedric May to Submit Fingerprints to Law Enforcement (R. Doc. 159) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Cedric May shall submit to the taking of his fingerprints by a government agent.

New Orleans, Louisiana, this 27th day of October 2026.

Darrel James Papillion

**DARREL JAMES PAPILLION**
**UNITED STATES DISTRICT JUDGE**

---

[21] *See Schmerber v. California*, 384 U.S. 757, 763–64 (1966); *United States v. Gibson*, 444 F.2d 275, 277 (5th Cir. 1971).

[22] *See United States v. Wade*, 388 U.S. 218, 227–28 (1967); *Sanders*, 477 F.2d at 113; see also *United States v. Bullock*, 71 F.3d 171, 177 (5th Cir. 1995 (finding same as to the taking of blood and hair samples of a defendant).